IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LAWRENCE BRADLEY CECIL,

    Plaintiff,

v.                                           Civil Action No. 5:18CV8
                                                               (STAMP)
AXIALL CORPORATION,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO REMAND**

I.   Background

The plaintiff, Lawrence Bradley Cecil, originally filed his complaint in the Circuit Court of Marshall County, West Virginia, against the defendant, Axiall Corporation. The plaintiff alleges in his complaint that a rail tanker located inside the defendant's Natrium plant in Marshall County, West Virginia, leaked a substantial amount of liquid chlorine. The plaintiff further alleges that, as a result of the liquid chlorine leak, a large chemical cloud was created that caused the toxic substance to travel from the Natrium plant to the surrounding communities, including the plaintiff's property. The plaintiff then alleges that he was forced to evacuate his home and leave the area to avoid exposure to the toxic chemical, and that the chemical exposure damaged his real and personal property and injured him personally. The complaint makes claims for (1) negligence, (2) trespass, (3) private nuisance, (4) public nuisance, (5) strict liability, and

(6) res ipsa loquitur.  The plaintiff seeks compensatory damages, general damages, punitive damages, pre-judgment and post-judgment interest, and attorneys' fees and costs.

The defendant removed the civil action to this Court.  In the notice of removal, the defendant asserts that this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.  The defendant states that there is complete diversity because the plaintiff is a resident of West Virginia and the defendant is a Delaware corporation with its principal office in Texas.  The defendant states that the amount in controversy exceeds $75,000.00 based on the plaintiff's allegations as pled in the complaint.

The plaintiff then filed a motion to remand, in which he argues that the defendant has failed to satisfy its burden of proving that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.  The plaintiff points out that the complaint does not include any specific monetary demand, but rather generally lists the types of damages to which he might be entitled.  The plaintiff contends that the defendant has not met its burden of proving that grounds exist for asserting federal jurisdiction because it has "made no effort to quantify the Plaintiff's claims."  ECF No. 6 at 3.  The plaintiff further contends that "merely reciting the damage allegations in the

Complaint <u>is not proof of value</u>. It is merely speculation." <u>Id.</u> (emphasis in original).

The defendant filed a response in opposition to the plaintiff's motion to remand. In response, the defendant points out that the complaint alleges that the plaintiff has suffered "'<u>serious and permanent injuries</u>,' damages for real and personal property, annoyance, inconvenience, emotional and mental anguish, stress, anxiety, a diminishment in his ability to enjoy life, '<u>substantial</u>' costs, expenses and attorneys' fees, and punitive damages." ECF No. 7 at 4 (emphasis in original). The defendant states that the "[p]laintiff cleverly sought to avoid removal by omitting any reference in the Complaint to the monetary value of these claims." <u>Id.</u> The defendant also notes that the plaintiff did not accept its offer of a stipulation that the amount sought was under $75,000.00 in return for the defendant's agreement not to oppose the motion to remand.

The plaintiff filed a reply to the defendant's response in opposition. In reply, the plaintiff argues that the defendant has not come forward with any facts to meet its evidentiary burden of proving that federal jurisdiction is proper. Rather, the plaintiff contends that the defendant has only speculated as to the amount in controversy by using words such as "extensive," "serious," and "numerous." The plaintiff also addresses the email exchange attached to the defendant's response. The plaintiff clarifies

that, while he refused to sign the proposed stipulation, he did offer to enter into settlement negotiations for amounts less than $75,000.00. Lastly, the plaintiff argues that the mere presence of his claim for punitive damages does not give rise to federal jurisdiction.

For the reasons set forth below, the plaintiff's motion to remand is granted.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs pursuant to 28 U.S.C. § 1332(a). However, if federal jurisdiction arises only by virtue of the parties' diverse citizenship, such an action "shall be removable only if none of the . . . defendants is a citizen of the State in which such action is brought." Tomlin v. Office of Law Enf't Tech. Commercialization, Inc., No. 5:07CV42, 2007 WL 1376030, at *1 (N.D. W. Va. May 7, 2007). The party seeking removal bears the burden of establishing federal jurisdiction. See In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006); Mulcahey v. Columbia Organic

Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and, if federal jurisdiction is doubtful, the federal court must remand. Hartley v. CSX Transp., Inc., 187 F.3d 422 (4th Cir. 1999); Mulcahey, 29 F.3d at 151.

Further, the court is limited to a consideration of facts on the record at the time of removal. See Lowrey v. Ala. Power Co., 483 F.3d 1184, 1213-15 (11th Cir. 2007) ("In assessing whether removal was proper . . . the district court has before it only the limited universe of evidence available when the motion to remand is filed."); O'Brien v. Quicken Loans, Inc., No. 5:10CV110, 2011 WL 2551163 (N.D. W. Va. June 27, 2011); Marshall v. Kimble, No. 5:10CV127, 2011 WL 43034, at *3 (N.D. W. Va. Jan. 6, 2011) ("The defendant's removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal."); Fahnestock v. Cunningham, 5:10CV89, 2011 WL 1831596, at *2 (N.D. W. Va. May 12, 2011) ("The amount in controversy is determined by considering the judgment that would be entered if the plaintiffs prevailed on the merits of his case as it stands at the time of removal" (internal citations omitted)).

### III. Discussion

There is no dispute that complete diversity exists. The only issue in dispute is the amount in controversy requirement under 28 U.S.C. § 1441. Based on the record before this Court, the plaintiff's motion to remand must be granted. The defendant fails

to demonstrate that the amount in controversy requirement has been satisfied. The plaintiff's complaint does not include any specific monetary demand, but rather generally lists the types of damages to which the plaintiff might be entitled. The defendant's notice of removal simply recites the categories of damages the plaintiff alleges in his complaint and summarily concludes that the amount in controversy exceeds $75,000.00 "based on the Plaintiff's allegations as pleaded in the Complaint." ECF No. 1 at 3. Additionally, this Court finds that neither the plaintiff's general claim for punitive damages nor the plaintiff's offer to enter into settlement negotiations for "amounts less than $75,000" (ECF No. 7-2 at 1) demonstrates that the amount in controversy requirement has been satisfied.

As stated earlier, the amount in controversy requirement cannot be based on speculation or "what ifs" that may occur. Rather, the court is limited to a consideration of facts on the record at the time of removal. See Lowrey, 483 F.3d at 1213–15. At this time in the civil action, the amount of damages that may or will be recovered is completely unknown and speculative at best. Speculation regarding the amount in controversy requirement fails to satisfy the burden that the removing party bears. See In re Blackwater Sec. Consulting, LLC, 460 F.3d at 583. Therefore, removal is improper. Also, as stated earlier, removal jurisdiction is strictly construed, and, if federal jurisdiction is doubtful,

the federal court must remand. <u>Hartley</u>, 187 F.3d at 422; <u>Mulcahey</u>, 29 F.3d at 151. Here, doubts exist as to that jurisdiction.

This Court notes the defendant's argument that "[t]he Court is not required to leave its common sense behind when evaluating the amount in controversy." <u>Mullins v. Harry's Mobile Homes</u>, 861 F. Supp. 22, 24 (S.D. W. Va. 1994). This Court finds that the argument does not "relieve [the defendant] of its burden to provide evidence on the amount in controversy." <u>Hall v. Cliffs N. Am. Coal, LLC</u>, Civil Action No. 5:09-CV-00689, 2009 WL 4666484, at *2 (S.D. W. Va. Nov. 30, 2009). The <u>Hall</u> court stated that, "[a]lthough the Court 'is not required to leave its common sense behind,' <u>Mullins</u>, 861 F. Supp. at 24, the defendant nonetheless must give the Court something to which to apply its common sense. In <u>Mullins</u>, the district court considered evidence of the contract price and finance charges, along with the causes of action being sought by the plaintiff." <u>Hall</u>, 2009 WL 4666484, at *2. Here, like in <u>Hall</u>, the defendant does not make "any factual allegations or citations to the record to support its conclusion that the amount in controversy meets or exceeds $75,000." <u>Id.</u>

The Court also notes, however, that nothing prevents the defendant from filing a second notice of removal should the case become removable within one year. <u>See</u> 28 U.S.C. § 1446(b)(3) ("Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed

within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

Accordingly, the plaintiff's motion to remand is granted, and the case is remanded to the Circuit Court of Marshall County, West Virginia.

## IV. Conclusion

For the reasons set forth above, the plaintiff's motion to remand (ECF No. 6) is GRANTED.  Accordingly, it is ORDERED that this civil action be REMANDED to the Circuit Court of Marshall County, West Virginia.  It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Marshall County, West Virginia.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     April 13, 2018


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE